Appellant, in his motion for rehearing, insists the court was wrong in not considering his bills of exception on the grounds stated in the original opinion. At the urgent insistence of appellant's counsel we have again looked over these bills and think we were correct.
One of the bills about which he complains recites that "the court permitted the State to ask and prove by the defendant on cross-examination, while he was on the stand, who was keeping house for him." Appellant objected because it was prejudicial, and served to get before the jury that some other negro woman than his wife was keeping house for him. There is nothing in the bill to indicate that he testified who was keeping house for him, whether it was his wife or someone else. We are unable to tell from this bill what the answer was, if any was given. We might fairly presume from this statement that somebody was keeping house for him. His contention that it was getting before the jury that some other woman than his wife was keeping house for *Page 162 
him is purely a ground of objection. The bill does not so show. The bill must be specific enough to show in some manner and manifest to this court what it took to constitute the supposed erroneous ruling of the trial court. This court can not presume that objections are statements of fact.
We are referred to the opinion on former appeal where it is stated that the court should not have permitted the State to prove that appellant's wife had been sent to the penitentiary, and that appellant had lived with his wife only three days after being released from the penitentiary. Whether he had treated his wife rightfully or wrongfully is not an issue in this case. That question, however, is not presented on this appeal so far as this bill of exceptions is concerned. On the former appeal that was a legitimate deduction and conclusion by the court from the bill then under consideration. We can not refer to the statement of facts in order to supply such omissions in bills of exception. This seems to be the rule under practically all the authorities.
The same may be said with reference to bill No. 8. It recites that the State, over appellant's objection, was permitted to ask and prove by State's witness Fannie Durst, that Golly Booker, the alleged injured party, came to where she, Fannie Durst, was working and told her that the defendant, Walker Smith, had done something to her, and had intercourse with her, throwing her upon the bed and getting on top of her. The objections urged here were that it was not admissible as original testimony, was not a part of the res gestae, and not in the presence and hearing of the defendant. The time elapsing between the time that the prosecutrix made her statement to Fannie Durst and the time when the assault to rape was committed is not stated. It may have been immediately or sufficiently close and under such circumstances that brought it within the rule of res gestae. The bill does not exclude this idea, and is silent upon that question. The objections stated that it was not a part of the res gestae, does not establish that objection as a fact. In order to determine that matter the time elapsing between the alleged rape and the conversation had between Fannie Durst and the prosecutrix should have been stated. It may have been admissible, but we can not decide that question because the bill of exceptions is silent upon it. We indulge the presumption that the rulings of the trial court are correct unless in some way shown to be erroneous.
The same may be said of bill No. 4. By that bill it is shown the following question was asked the prosecutrix: "Don't you know that if you had said a word, or had holloed that someone would have heard you?" There was no answer given and no expected answer stated. In the motion for rehearing it is conceded no answer was given, nor does it state what he expected to prove had witness been permitted an answer. We can not supply this omission. The bill could have stated what was the expected answer. *Page 163 
Appellant also complains that the court erred in not considering bill No. 10 as being sufficient. It recites the State asked Mally Green the following question: "What did you do?" The appellant objected, and the court remarked if it was something about an examination it would be admissible. This is the bill. It is apparent it is too indefinite. It does not show or state what Mally Green did, and the court informed counsel that if it was something that related to an examination it would be admissible, but the bill does not show what the matter related to, nor how the question came to be asked, what the witness Mally Green did. These are the questions presented in the motion for rehearing, and because they are insisted upon in the rehearing we have thought it proper to notice them.
There is no reason shown why the former opinion of this court should be changed, therefore the motion for rehearing is overruled.
Overruled.